IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

A.D. MILLS                                                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 2:09cv107-KS-MTP

RONALD KING, *et al.*                                                  DEFENDANTS

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

THIS MATTER is before the court on the Plaintiff's Motion [25] for Default Judgment against Defendants. Having considered the Plaintiff's motion, along with documents made a part of the record of this case and the applicable law, the court finds that the motion should be DENIED.

In his Motion [25] filed on October 29, 2009, Plaintiff asks the court to enter a default judgment against the Defendants, claiming they have been served with process and have failed to timely respond. The docket reflects that the following Defendants filed their Answer and Defenses [26] on November 2, 2009: Christopher B. Epps, Angie Holloway, Thomas Byrd, Ronald King, Ricky Scott, Penny Bufkin, L. Dennis, Kathy Thurman, David Petrie, and Theresa Seabrook. The entry of a default judgment is not appropriate under the circumstances of this case, as these Defendants have not "failed to plead or otherwise defend" in this action. *See* Fed. R. Civ. P. 55(a). While the Defendants' answer may be untimely, the court finds that Plaintiff will suffer no prejudice by the minimal delay of the filing of their answer.

The remaining Defendant, Dr. Franc McGrew, has not filed an answer or other responsive pleading. However, the return summons indicates that the summons for Dr. McGrew was served on a "Milton Martin (CID)," and not Dr. McGrew. *See* Return [20]. Therefore, it is unclear whether service was proper on Dr. McGrew. *See* Fed. R. Civ. P. 4. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v.*

*Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Finally, this action is subject to the Prison Litigation Reform Act of 1995, which provides that "No relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). Accordingly,

IT IS, THEREFORE, ORDERED:

That the Plaintiff's Motion [25] for Default Judgment against Defendants is DENIED.

SO ORDERED this the 3rd day of November, 2009.

s/ Michael T. Parker<br>United States Magistrate Judge