IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

A.D. MILLS

VS.                                                                    CIVIL ACTION NO. 2:09cv107-KS-MTP

RONALD KING, ET AL

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART THE MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Motion for Summary Judgment [47] filed by Defendants Ronald King, Ricky Scott, Penny Bufkin, Lt. L. Dennis, David Petrie, Christopher Epps, Angie Holloway, Thomas Holloway and Theresa Seabrook and *sua sponte* for evaluation pursuant to 28 U.S.C. § 1951(e)(2), Report and Recommendation of Magistrate Judge Michael T. Parker [56], Objection thereto filed by Petitioner [58] and the Court considering same and also considering the record and being fully advised in the premises finds that the motion should be granted in part and denied in part for the following reasons.

### 1. FACTUAL BACKGROUND

Plaintiff A.D. Mills, proceeding *pro se* and *in forma pauperis*, filed his civil rights complaint [1] on June 5, 2009. As set forth in his complaint and as clarified during his *Spears*[1] hearing, Plaintiff asserts various claims against Defendants Ronald King, Ricky Scott, Penny Bufkin, Lt. L. Dennis, Kathy Thurman, David Petrie, Christopher Epps, Angie Holloway, Thomas Byrd,

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on December 15, 2009. *See* Transcript [35].

1

Franc McGrew, and Theresa Seabrook, including claims for violation of his due process rights, excessive force, denial of medical treatment, and retaliation. *See* Scheduling and Case Management Order [34]. Plaintiff's claims occurred at the South Mississippi Correctional Institution ("SMCI"), where he is currently serving a life sentence after having been convicted of capital murder in Madison County.

Plaintiff seeks nominal damages, compensatory damages, punitive damages, and various injunctive relief. *See* Compl. [1] at 5, 19-20.

Defendants filed their Motion for Summary Judgment [47] on February 26, 2010. Plaintiff filed his Response [53] in opposition to the Motion on April 8, 2010.[2]

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421

---

[2]Defendant Franc McGrew filed his Motion for Summary Judgment [42] on February 23, 2010, which the court addressed under separate opinion. *See* Report and Recommendation [51]. The moving Defendants filed a Joinder [46] to Mr. McGrew's Motion [42].

(5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner objects to the recommendation dismissing the complaint against Ronald King, Ricky Scott, Penny Bufkin, Lt. L. Dennis, David Petrie, Christopher Epps, Angie Holloway and Theresa Seabrook. Petitioner argues that there is a question of fact and that he alleges that he will present material facts in court, although the fact statements in the objection are conclusory and are less than specific.

In paragraph three of the Objection, the Petitioner argues that his claim is against Lt. L. Dennis who violated his Eighth Amendment rights and inflicted cruel and unusual punishment, as stated in the retaliation claim filed against her. Lt. Dennis is charged by Petitioner with issuing an RVR in retaliation for him threatening to file an ARP complaint against her for denying medical treatment. The wound for which he complained was a one-half centimeter long injury to Petitioner's thigh that was scabbed over with no signs of infection. The nurse who saw Petitioner on February 5, 2009, recommended washing it with soap and water and nothing else. It is apparent that the injury was *de minimis*. However, in addition to that, to prevail on a claim for retaliation the Petitioner must establish:

> (1) a specific constitutional right, (2) the defendant's intent to retaliate for the prisoner for his ...exercise of that right, (3) the retaliatory adverse act and, (4) causation. *McDonald v. Stewart*, 132 F3d 225, 231 (5th Cir. 1998).

Plaintiff has not presented any direct evidence of retaliatory motivation or an inference of retaliatory motivation. The facts show that the event that precipitated the circumstances

3

involved herein were begun by petitioner. Petitioner has failed to show a specific constitutional right that was violated by the issuance of the RVR and to state what punishment he received, if any, as a result of the RVR. It is clear that the facts and circumstances alleged against Lt. Dennis do not establish a constitutional violation and Lt. Dennis is entitled to judgment as a matter of law.

**As to Defendant Thomas Byrd.**

The Magistrate Judge recommended ruling against the Motion for Summary Judgment filed by Lt. Thomas Byrd. There was no Objection filed to this by Petitioner.

**As to Defendants Ronald King, Ricky Scott, Penny Bufkin, Kathy Thurmond, David Petrie, Christopher Epps, Angela Holloway, Franc McGrew and Thomas Seabrook.**

Petitioner makes no showing of any facts that would establish a constitutional violation. It is clear that the petitioner understands that *respondeat superior* does not apply to § 1983 cases and there have been no facts submitted that would in any way establish actions of any of these defendants that would rise to a constitutional violation.

The Petitioner does not address any of the other issues set forth in the Report and Recommendation.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Mills' objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the

4

Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted in part and rejected in part pursuant to 28 U.S.C. § 636(b)(1) and that Motion for Summary Judgment [47] be and the same is hereby **granted in favor of Ronald King, Ricky Scott, Penny Bufkin, Lt. L. Dennis, David Petrie, Christopher Epps, Angie Holloway and Theresa Seabrook** and that Petitioner's claims against them are **dismissed with prejudice**.

The Motion for Summary Judgment as to **Lt. Thomas Byrd be and the same is hereby denied** and Petitioner's claims for excessive force against Lt. Byrd will go forward in this Court. The complaint against **Defendant Cathy Thurmond is dismissed from this action with prejudice** pursuant to 28 U.S.C. § 1915(e)(2), as the Petitioner has totally failed to make out any claim for a constitutional violation against her.

SO ORDERED this, the 10th day of August, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE